IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| EDWARD MELTON, | ) |
| | ) |
| Plaintiff, | )   3:20-cv-00662 |
| | ) |
| v. | ) |
| | ) |
| BANK OF AMERICA N.A., | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT**

NOW COMES the Plaintiff, EDWARD MELTON, by and through his attorneys, SMITHMARCO, P.C., and for his complaint against the Defendant, BANK OF AMERICA N.A., Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1.  This is an action for actual and statutory damages for violations of the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, et. seq.

### II.   JURISDICTION & VENUE

2.  Jurisdiction arises under the Fair Credit Reporting Act 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.  Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4.  EDWARD MELTON, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Spooner, County of Washburn, State of Wisconsin.

5.  At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

6. BANK OF AMERICA N.A., (hereinafter, "Defendant") is a business entity engaged in providing consumer loans and financing as well as other financial services within the State of Wisconsin. Defendant's principal place of business is in North Carolina.

7. At all relevant times Defendant was a "person" as that term is defined by 15 U.S.C. §1681a(b).

## IV. ALLEGATIONS

8. Credit reports, as alleged in this pleading, are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

9. On or about June 29, 2018, Plaintiff filed a Voluntary Petition for Chapter 7 Bankruptcy (hereinafter, the "bankruptcy petition") in the United States Bankruptcy Court for the Western District of Wisconsin, commencing bankruptcy case number 18-12228-cjf.

10. At the time Plaintiff filed his bankruptcy petition, he owed a debt to Defendant. The debt was for a credit card Plaintiff had taken out with Defendant.

11. Plaintiff scheduled the aforementioned debt in his bankruptcy petition as an unsecured debt.

12. At the time Plaintiff filed his bankruptcy petition, he owed no other debt to Defendant.

13. At the time Plaintiff filed his bankruptcy petition, he had no other accounts with Defendant.

14. On or about October 3, 2018, the United Stated Bankruptcy Court for the Western District of Wisconsin entered an order discharging Plaintiff, thereby extinguishing his liability for the aforementioned debt owed to Defendant.

15. In addition, at the time of Plaintiff's discharge, there were no assets in the bankruptcy estate to which to make any distribution.

16. Any unsecured debts that were incurred prior to the filing of Plaintiff's bankruptcy petition is considered discharged regardless of whether the debt was specifically listed in Plaintiff's bankruptcy petition schedules of creditors.

17. On or about October 6, 2018, The United Stated Bankruptcy Court for the Western District of Wisconsin served a Certificate of Notice on Defendant, which included a copy of Plaintiff's Order of Discharge.

18. Defendant was effectively put on notice that any debt incurred prior to the filing of that petition was discharged.

19. At no time since October 3, 2018 has Plaintiff owed any debt to Defendant.

20. At no time since October 3, 2018 has Plaintiff had any accounts open with Defendant.

21. At no time since October 3, 2018 has Plaintiff had any personal credit account with Defendant.

22. At no time since October 3, 2018 has Plaintiff had any personal business relationship with Defendant.

23. Given the facts delineated above, at no time since October 3, 2018 has Defendant had any information in its possession to suggest that Plaintiff owed a debt to Defendant.

24. Given the facts delineated above, at no time since October 3, 2018 has Defendant had any information in its possession to suggest that Plaintiff was responsible to pay a debt to Defendant.

25. On or about November 16, 2018, despite being cognizant of the facts as delineated above, Defendant accessed Plaintiff's individual and personal credit file from Experian Information Solutions, LLC, a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

26. At no time on or prior to November 16, 2018 did Plaintiff consent to Defendant accessing his individual and personal credit report.

27. On or about November 16, 2018, despite being cognizant of the facts as delineated above, Defendant accessed Plaintiff's individual and personal credit report without a legitimate business reason to do so.

28. On or about November 16, 2018, despite being cognizant of the facts as delineated above, Defendant accessed Plaintiff's individual and personal credit report impermissibly.

29. On or about November 16, 2018, despite being cognizant of the facts as delineated above, Defendant accessed Plaintiff's individual and personal credit report without first informing Plaintiff of its intent to do so.

30. On or about November 16, 2018, at the time Defendant accessed Plaintiff's individual and personal credit report, Defendant reviewed Plaintiff's private information.

31. On or about November 16, 2018, at the time Defendant accessed Plaintiff's individual and personal credit report, Defendant impermissibly obtained information relative to Plaintiff's personal and individual credit accounts.

32. On or about November 16, 2018, at the time Defendant accessed Plaintiff's individual and personal credit report, Defendant impermissibly obtained information relative to Plaintiff's payment history on his individual credit accounts.

33. On or about November 16, 2018, at the time Defendant accessed Plaintiff's individual and personal credit report, Defendant impermissibly obtained information relative to Plaintiff's credit history and credit worthiness.

34. On or about November 16, 2018, at the time Defendant accessed Plaintiff's individual and personal credit report, Plaintiff's private financial information was published to Defendant.

35. On or about November 16, 2018, at the time Defendant accessed Plaintiff's individual and personal credit report, unknown employees, representative and/or agents of Defendant viewed Plaintiff's private financial information.

36. On or about November 16, 2018, at the time Defendant accessed Plaintiff's individual and personal credit report, Defendant impermissibly obtained personal information about Plaintiff, such as his current and past addresses; date of birth; employment history; and, telephone numbers.

37. On or about November 16, 2018, at the time Defendant accessed Plaintiff's individual and personal credit report, Plaintiff's personal information, as delineated above, was published to Defendant.

38. Defendant's conduct, as delineated above, is a violation of 15 U.S.C. §1681b(f)(1).

39. As a result of Defendant's conduct, as delineated above, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the Defendant's review of his personal information and his credit information and an injury to his credit rating and reputation. Furthermore, Plaintiff will continue to suffer the same harm for an indefinite time in the future, all to Plaintiff's great detriment and loss.

## V. JURY DEMAND

40. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, EDWARD MELTON, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages of $1,000.00 for Defendant's violation of the FCRA.

    c.    Punitive damages;

    d.    Plaintiff's attorneys' fees and costs; and,

    e.    Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**EDWARD MELTON**

By:   s/ David M. Marco
       Attorney for Plaintiff

Dated: July 19, 2020

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone:  (312) 546-6539
Facsimile:  (888) 418-1277
E-Mail:  dmarco@smithmarco.com